UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRISTINA MOORE                                                                    PLAINTIFF

V.                                    NO. 3:18CV00092-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                             DEFENDANT

# ORDER

## I. Introduction:

Plaintiff, Christina Moore ("Moore"), applied for disability benefits on August 18, 2015, alleging disability beginning on June 30, 2015. (Tr. at 36). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Moore's application. (Tr. at 50). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II. The Commissioner's Decision:

The ALJ found that Moore had not engaged in substantial gainful activity since June 30, 2015, the date she alleged she became disabled. (Tr. at 39). At Step

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

Two, the ALJ found that Moore had the following severe impairments: degenerative disc disease, depression, and anxiety. *Id.*

After finding that Moore's impairments did not meet or equal a listed impairment (Tr. at 39), the ALJ determined that Moore had the residual functional capacity ("RFC") to perform a full range of work at the sedentary level, except that: (1) she could only occasionally stoop, kneel, crouch, crawl; and (2) she would be limited to simple routine tasks with only superficial interpersonal contact and only occasional changes in the workplace setting. (Tr. at 42).

The ALJ found that, based on Moore's RFC, she was unable to perform any of her past relevant work. (Tr. at 49). Relying upon the testimony of a Vocational Expert ("VE") at Step Five, the ALJ found that, based on Moore's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions as press operator and table worker. (Tr. at 50). Thus, the ALJ held that Moore was not disabled. *Id.*

### III. <u>Discussion</u>:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see*

*also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

  B. Moore's Arguments on Appeal

Moore contends that substantial evidence does not support the ALJ's decision to deny benefits. Specifically, she argues that the ALJ did not give proper weight to the opinions of Charles Davidson, M.D. (on physical impairments) and Tashina Brown, APN (on mental impairments). The Court agrees that Dr. Davidson's opinion should have been given greater weight.

Moore saw Dr. Davidson 32 times from 2014 through 2017 for back, neck, hip, and leg pain, among other things. Objective testing showed evidence to support her complaints of pain. A lumbar MRI on June 22, 2105 showed bulging disc, mild effacement of the thecal sac and nerve roots, broad-based disc protrusion with facet hypertrophy and flattening of the nerve root, focal herniated nucleus pulposus, and displacement of the left nerve root. (Tr. at 518-519). A whole-body bone scan on

November 4, 2015 showed subtle increased activity in the left SI joint compared to the right which could be due to physiologic variance, abnormal mechanics, or early arthritic changes. (Tr. at 510-511). An MRI of Moore's cervical spine on November 23, 2016 showed somewhat prominent spondylitic endplate degenerative changes with broad-based disc bulge. (Tr. at 522). A lumbar MRI on March 22, 2017 showed central disc herniation with mild disc bulging and a slightly traversed left S1 nerve root. (Tr. at 64-65).

Dr. Davidson referred Moore to a pain management clinic. The nurse practitioner at Comprehensive Pain Specialists found limited ROM in the lumbar spine with moderate pain, tenderness over the SI joint, positive straight-leg raisings bilaterally, positive Patrick's sign bilaterally, and decreased ROM in the left hip joint. (Tr. at 502-506). The nurse practitioner diagnosed lumbosacral spondylosis, cervicalgia, arthropathy of the sacroiliac joint, hip pain, peripheral neuropathy, and leg pain. (Tr. at 625-630).

Moore treated her constant, radiating pain aggressively. (Tr. at 94). Over the course of the relevant time-period, her doctors prescribed Oxycodone, Hydrocodone, Vicoprofen, Gabapentin, Percocet, Robaxin, Celexa, Toradol, and Methocarbamol. (Tr. at 155-156, 398-400, 415-416, 636-643, 749-761). She had bursa joint and hip injections, a medial branch block, and several lumbar interlaminar epidural steroid

4

injections (Tr. at 73-75, 472-481, 489-491, 502-506, 636-638, 749-751). A consistent diagnosis of chronic pain, coupled with a long history of pain management and drug therapy, supports a claimant's allegations of disabling pain. *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998).

Moore did not experience complete pain relief from her medications and treatment and they gave her negative side effects. (Tr. at 566, 619-624, 744-748, 757-766, 779). For example, she experienced headaches after the injection in her neck. (Tr. at 14). Physical therapy did not help. (Tr. at 103). The doctor at Comprehensive Pain Specialists referred Moore for a neurosurgical consult in April 2017 because of having failed "all interventional therapies." (Tr. at 70).

On February 13, 2017, Dr. Davidson completed a medical source statement, based on three years of treatment of Moore. He found that she could perform less than sedentary work, she would need to rest and change positions frequently, she would need longer than normal breaks, and she would need to shift at will from sitting to standing/walking. (Tr. at 779). He said her side effects from medication would affect her ability to work. *Id*. He said she would miss more than 3 days of work per month. *Id.* And he said his opinion was based on objective findings and subjective complaints. *Id*. The ALJ included none of the limitations assigned by Dr. Davidson in the RFC. (Tr. at 42).

The ALJ did not discuss the specifics of Dr. Davidson's opinions. He gave the opinion little weight, simply because it was based, in part, on subjective complaints. (Tr. at 45). But the treatment record and objective testing results back up Moore's subjective complaints. And a patient's report of complaints are "an essential diagnostic tool." *See Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997)( the fact that a treating doctor relies, in part, on a claimant's subjective complaints does not provide a basis for discounting it).

The ALJ briefly discussed the state-agency reviewing physician's limitation to light work, but did not state what amount of weight he gave the opinions. (Tr. at 48). He then limited Moore to sedentary work, without a doctor's opinion directly expressing that conclusion.

The ALJ must review the medical opinions in the context of the record as a whole and make a determination about how much weight to give them. A treating physician's opinion must be discussed by the ALJ and, if rejected, reasons are necessary. *Ingram v. Charter*, 107 F. 3d 598, 602 (8th Cir. 1997); *Prince v. Bowen*, 894 F.2d 283 (8th Cir. 1990). A treating physician's opinion accompanied by medically acceptable clinical or diagnostic data is entitled to controlling weight. *Baker v. Apfel*, 159 F. 3d 1140, 1145-46 (8th Cir. 1998). The ALJ in this case did not fully discuss the limitations imposed by Dr. Davidson, nor did he give sufficient

reasons for discounting the opinion. The ALJ improperly discounted Dr. Davidson's opinion.

IV. **Conclusion:**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ failed to give appropriate weight to Dr. Davidson's medical opinion.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 4th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE